It is a well established rule of law that a sale by a factor creates a contract between the owner and the purchaser. If, however, the purchaser pay the factor for the goods so sold, such payment will protect the purchaser from the demand of the owner, unless the latter had forbidden the former to pay the factor. *Page 113 
But where the purchase pays the owner, in opposition to the wishes and against the order of the factor, such payment will be good, because the owner, being, through the agency of the factor, a party to the contract, and being, moreover, the beneficial proprietor of the goods sold, has an unquestionable right to receive payment directly from the purchaser.
The defendants in this case being public auctioneers does not vary the principle on which it depends. Their employment to sell the goods proceeded, in fact, from the owners, whose agent for that purpose the plaintiff certainly was. And had they refused to account with and pay over to the owners the amount of sales, the latter might have recovered such amount, deducting what might be due the plaintiff for freight.
It is conceded that the plaintiff had a lien on the goods delivered by him, as agent for the owners, to the defendants, to the amount of the freight due him from the owners, but this lien on a part cannot entitle him to the possession of the whole amount of sales, against the will of the absolute proprietors.
The defendants, having received the goods from the plaintiff as the agent of the owners, and having, in the ordinary course of business, disposed of them, are called on by the plaintiff to account for the sales. They say, "We have paid to the owners of the goods the amount of sales, reserving for you the amount due you for freight, which we are ready to pay you." This, in justice, is all the plaintiff can ask, and as this is secured to him by the verdict of the jury, we are of opinion it should stand. (143)
Rule for new trial discharged.
Cited: Symington v. McLin, 18 N.C. 299; Brown v. Morris, 83 N.C. 255.